FILED

AUG 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __Ridge__ _____Larry_____ __L A R__

(Last)                  (First)                  (Initial)

Prisoner Number __V·77540__

Institutional Address __New Folsom St Prison.P.O.Box 29·0066__

=================================================================

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

__Larry D. Ridge Jr.__     Case No. __(A110058) 148220A__
Full Name of Petitioner     (To be provided by the clerk of
                             court)

                             E-filing

vs.

__James   Walker__     PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailor)

=================================================================

## Read Comments Carefully Before Filling In

### When and Where to File

You should file in the Northern District if you were convicted
and sentenced in one of these counties: Alameda, Contra Costa, Del
Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito,
Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You
should also file in this district if you are challenging the manner in
which your sentence is being executed, such as loss of good time
credits, and you are confined in one of these counties. Habeas L.R.
2254-3(a).

If you are challenging your conviction or sentence and you were
not convicted and sentenced in one of the above-named fifteen
counties, your petition will likely be transferred to the United
States District Court for the district in which the state court that
convicted and sentenced you is located. If you are challenging the
execution of your sentence and you are not in prison in one of these
counties, your petition will likely be transferred to the district
court for the district that includes the institution where you are
confined. Habeas L.R. 2254-3(b).

1

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.  What sentence are you challenging in this petition?

(a)  Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

<u>Alameda County Superior Court</u>    <u>Oakland</u>
       Court                            Location

(b)  Case number, if known <u>A110058</u>

(c)  Date and terms of sentence <u>52 years 8 months</u>

(d)  Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes <u>X</u>  No _____

Where? <u>New Folsom State Prison</u>  <u>P.O. Box 290066 Represa CA, 95671</u>
       (Name of Institution)                (Address)

2.  For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

<u>Second Degree murder</u>

3.  Did you have any of the following?

Arraignment: Yes <u>X</u>  No _____   Preliminary Hearing: Yes <u>X</u>  No _____

Motion to Suppress: Yes <u>X</u>  No _____

2

4. How did you plead?

Guilty _____    Not Guilty _X_    Nolo Contendere _____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury _X_    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?  Yes _____  No _X_

7. Did you have an attorney at the following proceedings:

(a) Arraignment    Yes _____    No _X_
(b) Preliminary hearing    Yes _X_    No _____
(c) Time of plea    Yes _X_    No _____
(d) Trial    Yes _X_    No _____
(e) Sentencing    Yes _X_    No _____
(f) Appeal    Yes _X_    No _____
(g) Other post-conviction proceeding    Yes _____    No _____

8. Did you appeal your conviction?    Yes _X_    No _____

(a) If you did, to what court(s) did you appeal?

| | | | Year | Result |
|---|---|---|---|---|
| Court of Appeal | Yes _X_ | No _____ | 2005 | Affirmed |
| Supreme Court of California | Yes _____ | No _____ | | |
| Any other court | Yes _____ | No _____ | | |

(b) If you appealed, were the grounds the same as those that you are raising in this petition?  Yes _____    No _X_

(c) Was there an opinion?    Yes _____    No _____

(d) Did you seek permission to file a late appeal under Rule 31(a)?    Yes _____    No _X_

If you did, give the name of the court and the result:

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes _____    No _X_

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.   Name of Court _____

    Type of Proceeding _____

    Grounds raised (Be brief but specific):

       a. _____

       b. _____

       c. _____

       d. _____

    Result _____ Date of Result _____

II.  Name of Court _____

    Type of Proceeding _____

    Grounds raised (Be brief but specific):

       a. _____

       b. _____

       c. _____

       d. _____

    Result _____ Date of Result _____

III. Name of Court _____

    Type of Proceeding _____

    Grounds raised (Be brief but specific):

       a. _____

Claim Three: Review is appropriate. In the wake of Cunningham v. California (2007) 127 S.Ct.856, T DECIDE whether The Imposition of Consecutive sentences Violated BLAKELY V. WASHINGTON (2004) 542 U.S 296 AND APPELLANTS FEDERAL Constitutional RIGHTS To Due Process and a Jury Trial

Supporting Facts: These statements show that the court relied on facts Which Were not proven to a jury beyond a reasonable doubt, in Violation of Blakely V. Washington (2004) 542 U.S. 296, 124 S.CT. 2531. Accordingly, the Court's imposition of Consecutive terms must be reversed.

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_____

_____

_____

_____

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

I Don't KNOW a cases thats similar to the Ridge Cases

Do you have an attorney for this petition?   Yes _____   No _X_
If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding.   I verify under penalty of perjury that the foregoing is true and correct.

Executed on  7-10-08
　　　　　　　　　　Date

Larry Ridge
　　　　　　　Signature of Petitioner

(rev. 5/96)

6

1  Perjury testimony by witness Ronnie Wilhite the
2  court admitted Prejudicial hearsay that could
3  Not be Effectively cross-examined by the
4  defense. (OR Evidence that was admissible under
5  Stat law but which denied Petitioner the right to
6  Confrontation). Confrontation of Witness [6]

7
8  Witness Ronnie Wilhite direct examination by D.D.A.
9  Elgin lowe on Page 319 (CT1-15) It Now explains Witness
10  Ronnie Wilhite Seen a gun Now This is D.D.A. Elgin lowes
11  key witness if wilhite did see a gun and the Van Once He
12  Had got inside the Van. Why Prosecotor lowe did Not
13  Correct his witness for the statement on January
14  20,2005 with Cindy Hail. It could not have been an
15  mistake See Page 4 (CT 1-11) of Statements on January 20,05
16  Witness Explains there was "No" Gun when witness
17  first Got inside the Van.

18
19
20
21
22
23
24
25
26
27
28

1  Federal court due Process Clause was Violated by
2  the Prosecutor's Knowing use of Perjury. Perjury
3  Criminal offense of making false statements under Oath
4  or Affirmation. At common law, Only a willful and
5  Corrupt Sworn Statement made without Sincere belief
6  in its truth, and made in a Judicial Proceeding regarding
7  a material Matter, was Perjury.

8
9  On January 20,05 inspector Cindy Hall, with the Alameda
10  County District Attorney's Office, and Deputy District
11  Attorey Elgin Lowe. Were at the Oakland Police Depart-
12  ment interview room on the 2nd Floor. Seated there
13  with them, Key Witness Ronnie. During witness statement
14  On Page 4, (CT3-10) Lowe asked Witness, "When you first
15  Got in the Van that Ridge had when he came to his Uncle's
16  house. During Ronnie White's redirect examination by Elgin
17  Lowe asked the witness Did I Come and talk to you
18  with My investigator Cindy Hall? Witness states, "Yes". On Page
19  381 (CT5-12), D.D.A. Lowe go further and asks the witness,
20  Were you being truthful at that Point. Witness Stated
21  Yes. Mr. Lowe referring to January 20,2005 Statement
22  with Cindy Hall. Witness were under Oath during redirect
23  examination Proceeding, during the direct examination On Page 317,
24  (CT 1-15) D.D.A. Lowe asked witness under Oath. Now Once you
25  got inside the Van, did you See any weapons inside the Van.
26  Witness states, "Yes sir". Facts Shows, prosecutor D.D.A Lowe had
27  aid his key witness in perjury, and perjury on Elgin Lowe On
28  behalf he Knew his witness committed Perjury for my Conviction.

1  Petitioners Conviction was obtained as a result of the
2  Prosecutors misstatment of Fact.

3

4  D.D.A Elgin Lowe Argue to the Jury that larry
5  Ridge had intent to Aiding and Abetting Ridge intent
6  was he Known Arrived at Ray Gilbert home with a
7  loaded gun and his Van. But D.A. lowe Key Witness
8  stated January 20.05. Inspector Cindy Hall THERE
9  there was No gun when he first got and side Ridge
10 Van." On Page 1297 D.A. lowe Didnot tell the Jury
11 that his Key Witness Ronnie Wilhite told him and
12 Cindy that there was No gun when first gotten
13 and the Van and filled to Correct his Witness
14 See Pages 379-382 Pages 306-344.

1  Appeal Counsel was ineffective in Violation of the
2  Sixth Amendment Constitution Right.
3
4  Appeal Counsel Ineffective of Assistance of Counsel on
5  Appeal Mr. Gardner didn't argue mr. Ridge is Not a aider
6  and abettor. The Prosecution offered No substantial
7  evidence of Mr. Ridge had aid in a Comission of the Crime
8  See Page 1316 (CT 10-28) 1317 (CT 1-28) 1318 (CT 1-28) 1319 (CT 1-20)
9  There's No evidence mr. Ridge with the intent or purpose of
10 committing or encouraging or facilitating the Commission
11 of the Crime. No evidence. merely Assenting to, or aiding
12 or assisting in the Commission of the Crime, without
13 Knowledge of a crime is not Criminal. Thus a person
14 who assents to or aids or assists in the commission
15 of a crime without that Knowledge, And with Out intent
16 or purpose, is not an accomplice in the Commission of
17 that Crime." On January 20, in Ronnie Wilhite  statement
18 with inspector Cindy hall and D.D.A. Elgin Lowe, Ronnie
19 Wilhite Stated on Page 4. (CT 4-10) "When he first got in side
20 the Van there was "no" guns". further to the Point in
21 Wilhite's statement he said there was Never any talking
22 about Shooting or Killing someone. mere Presence at the
23 Scene of a crime which does not itself assit the Commission
24 of the Crime, does not amount to aiding and abetting the
25 Commission of the Crime. The instructions make it clear
26 where that leaves you, of Course there's No Criminal
27 liability.
28

Ground

1  Trial Counsel Michael Berger Inffective Assistance
2  of Counsel. Petitioner Conviction was obtained as a
3  result of his Counsel knowing use of Perjured
4  testimony Inffective Assistance of Counsel [6],
5  fair Trial

6

7  Petitioner Counsel mr. Berger didnot argue that
8  On January 20, 05 Eloin lowe and his inspector
9  Cindy Hall had gotten an statement from witness
10  Ronnie Wilhite On Page 4 (CT 3-10) Witness Ronnie
11  Wilhite Stated "That there was Never a gun
12  And the Van When Wilhite first gotten and the
13  Van". fathere more there was Never a gun
14  found and the Van. And mr. lowe Redirect Ex-
15  amination Page 381 (CT 11-12) Witness Wilhite Stated
16  "He was being truthful". D.D.A. Eloin Lowe is
17  refferring to statement witness gave On the day
18  of 1-20-05. D.D.A. Eloin Lowe knowing use of a
19  Pejury statement to obtaine Petitioners Conviction.
20  On Page 1283 (CT 15-19). In mr Barger was Not Prepare
21  to take take the Ridge Case to trial he was already
22  assinged Out to trial in a Co-Defendant Case See
23  Reporters Transcript of Proceedings On monday
24  November 22, 2004 On Page 1 (CT 1-28) This shows mr Berger
25  Was assinged to a three defendant Murder Case See Page 2
26  (CT 4-28) mr Berger objecting to Any Continuance Past
27  the 60th Day See Page 3-4 (CT 1-28). Mr. Berger Didn't
28  SubPoena Witness Ronnie Wilhite When Witness Was

1    SubJect to Recall See Page 393 (CT 17-28) TrialL
2    CouNSel Michael Berger Was INffective Aissistance
3    of CouNSel.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Prosecuton Misconduct. Violating Petitioner fourteeth
2  amendment.

3

4  The Prosecutor was in Violation by Violating my fouteeth
5  amendment. By the due Process clause by which the
6  Prosecutor D.D.A. Elgin Lowe repeatedly argur in the
7  March 22, 2005 Proceedings Page 1304, lines (CT1-28)
8  Say that Ridge had the intended for someone to die out
9  there, and with such intent he aided and abetted, by
10 giving up his Van. And Said Ladies and gentlemen. I could
11 Never reiterate enough this tell you all you need to know
12 about intent, because He!! Had!! Own!! 38!! It! Only!
13 Had! three! Bullets!!. Now D.D.A. Elgin Lowe asked witness
14 On the redirect examination Ronnie Wilhite On Page ,381
15 lines(CT 1-12) Did I come and talk to you with my invest-
16 igator Cindy Hall witness state "Yes". D.A. Elgin lowe ask-
17 ed the witness were you being truthful at that point?
18 Witness states "Yes" Now during the interview that
19 Was taken on January 20, 2005 by D.A. Elgin Lowe
20 and his investigator Cindy Hall On Page 4, line (CT3-4)
21 When you first got in the Van, did you see any guns?
22 Witness States "NO". Now while under direct examinat-
23 ion by D.A. Elgin Lowe On Page 319. lines (CT 1-23) D.A.
24 Elgin lowe ask's the witness Ronnie Wilhite Once you
25 got inside the Van did you see any weapons inside
26 the Van Witness states "Yessir". According to the
27 Prosecution own evidence and fact Show's that the
28 witness committed Perjury and D.A. Elgin lowe willfully

1  Prosecuted misfacts of evidence. by repeating false
2  Perjury testimony of the Prosecution own witness doing
3  the Proceedings. the direct examination. and use the state-
4  ment that was made on January 20.2005 that was by
5  him self D.A. Elgin Lowe and his investigator Cindy
6  Hall, and also he was using the same false statement
7  and testimony in his closing argument to show
8  Ridge's intent to commit a crime. the Prosecution
9  factual erroneous and angry intemperate that
10 it Prevent the trial from being fair. And in doing
11 this the Prosecution Jeopardize the defendants the
12 right to a fair trial. Also this intrude on mis-
13 carriage of Justice. and reversal is require where
14 the appellate court is seriously doubtful that
15 without committed errors the result in the case
16 would have been the same, the error may require
17 a reversal on the grounds of a miscarriage of
18 Justice.
19
20
21
22
23
24
25
26
27
28

1  Abuse of Discretion by trial Court Prosecution D.A.
2  Elgin Lowe. Violation of Petitioner Due Process.

3
4
5  By Misrepresentation of the facts of evidence by which
6  Was given by Prosecution Witness Ronnie Wilhite. During
7  the statement that was taken Place at the Oakland
8  Police station by D.D.A. Lowe And inspector Cindy Hall ON
9  January 20, 2005 ON the second floor. D.D.A. Lowe ask
10  Witness, When you first got in the Van did you see any
11  gun's? Witness states "NO". Page 4. (CT 3) Now doing the
12  Proceeding Mr. D.D.A. Lowe asked Witness On Page 319.
13  (CT 1-28). Now once you got inside the Van did you see
14  any weapons inside the Van Witness stated "Yes". Now
15  D.A. Lowe tell the court Only the Version that the
16  Witness is telling Now. the Witness Never told D.A.
17  Lowe that in his statement that was taken ON
18  January 20, 2005 Page 4. (CT 3) this shows that the
19  Prosecution is Abusing his Discretion by allowing
20  his Witness to commit Perjury while under Oath in A
21  legal Proceeding. And if you will Please look at Page
22  326. (CT 1-28) Page 327. (CT 1-28) and, Page 328. (CT 1-12) you
23  Will See Where the Witness Ronnie Wilhite is given a
24  Consistency of false testimony to the Prosecutor and the
25  trial Court Judge without any correction done by
26  either party. Now if you will look at Page 328. (CT 13-28)
27  and Page 329. (CT 1-13). you will see where the witness
28  tells the courts a totally different Version in the

1  Same Proceeding from the Prosecution in this case.
2  Which the Prosecution has abused his discretion Once
3  Again by Not Correcting the witness and allowing
4  him to commit Perjury. the Prosecution must bring
5  forth any evidence that will lead to the Next Party
6  Innocence. The Prosecution deliberately abused his
7  discretion to gain the upper hand in Proving his case.
8  And use what the witness told the courts and not
9  D.A. Elgin Lowe himself. In Fact the witness told
10  the Prosecutor that when ask? did you actually see
11  him Pick up the rifle before he started Shooting the
12  rifle witness state "No". D.A. Lowe goes to Say. Was
13  he driving with the rifle the 30 minutes after he
14  Picked it up or was he holding it. Witness states "No".
15  Witness also states that he was looking straight the
16  whole time of the event taken Place, and did Not
17  See Donald Jones do Anything. In fact the witness
18  Say's I didn't See Nothing And the Only thing he Said
19  that he seeN was 29th Street. this show that
20  Both Dowald Jones and Larry Ridge also would
21  have been acquitted or a New trial on lesser
22  Charges.

Ground 11 Line 1

1 Trial Court Violation of Canons law

2

3 The trial Court Judge willfully Violated the Canons 1, 2a,
4 and 5, by the requirements at trial Court engaged in a
5 Facts Conversation with the Witness Ronnie Withite while the
6 Prosecutor was in the middle of it's direct examination with the
7 Witness to Prove his burden of Proof. After the Prosecutor could
8 Not Get a conviction. See Page 326. (CT 1-28) See Page 327. (CT 1-28)
9 Also Page 328 (CT 1-12) of the Prosecution direct examination was
10 Not made beyond a reasonable doubt. On Page 328 (CT 13-28) of the
11 direct examination you will find that the trial Court abuse it's
12 Obligation as a Public effectual an act with in a Judicial
13 Capacity, Noting that, in this context, was unJudicial Conduct
14 Committed in bad faith, by a Judge Not then acting in a Ju-
15 dicial Capacity. A culpable mental state beyond mere Negli-
16 gence and Consisting of either Knowing or Not caring that the
17 conduct being undertaken is unJudicial and PerJudicial
18 to Public esteem. (Broadman V. Commission On Jud-
19 icial Performance (1998) 18 Cal. 4th 1079, 1093) The
20 trail Court did Not act in a Judicial Capacity
21 When the Witness committed PerJury in a
22 legal Proceeding while under Oath of a
23 Sworn Statement of a direct ex-
24 amination. And there is evidence
25 that the
26 Witness
27 gave
28 False Statement to the

1  Police that made attempts to do a investigation.
2  When the Police was trying to make an attempt
3  to do his INVESTIGATION by doing a GUN shot re-
4  sidue test the witness interfered with the test, by
5  try to conceal evidence by wipen his hand off
6  before the test was taken. And PaGes 383. lines
7  (CT 1-13) will show that. In the cross examination
8  of trial counsel cross examination of the witness.
9  Also PaGes 365 to 383 of the cross examination on all
10 those PaGes of 365 to 383 lines (CT 1-28) will show
11 the consistent of false statements and testimony.
12 You will come to find also on PaGes 375, lines (CT 1-11)
13 of the cross examination, where Mr. Peretti ask the
14 witness Ronnie wilhite. Donald Jones was the
15 driver and the shooter, right?" Put it all on him
16 right? Is that right? witness states. "Yes". You will
17 also see on redirect examination by D.D.A. Elgin lowe
18 where he ask the witness do he remember him. D.A.
19 Elgin Lowe and his investigator Cindy Hail
20 coming to speak to him at the OaklanD Police
21 DeaPartment in the interview room. witness
22 stated. "Yes". D.A. Elgin Lowe Goes on and ask
23 the witness were you being truthful at that Point,
24 witness states, "Yes". All this can be found on PaGes
25 381. lines (CT 2-12) of the redirect examination by
26 D.A. Elgin lowe. Now this statement was done on
27 the 20 of January in 2005. Now in this same state-
28 ment PaGes 4. lines (CT 3-4) D.A. Lowe ask the

1  witness. When You first Got in the VAN, did You See
2  any guns? Witness States "No". Now in D.A. Elgin
3  Lowe direct examination D.A. Elgin Lowe ask the
4  witness, Now Once You Got inside the VAN did You
5  See anY weapons inside the VAN, witness stated.
6  "Yes". D.A. Elgin Lowe ask the witness what did
7  You See? Witness States, "a Gun". D.A. Lowe ask
8  what Kind of a Gun did You See? Witness states,
9  "a little One". D.A. Lowe ask the witness. A little One.
10  When You say a "little", do you Know the difference
11  between a revolver and A Pistol? Witness states "Yes"
12  direct examination Pages 317, lines (CT 1-23) this
13  All Goes to the Consistance of the false statement
14  And testimonY Given by Ronnie Wilhite And
15  Committed PerJurY even when being Questions
16  bY the Prosecution bY Given false statements of
17  testimonY in A legal Proceeding. Now on Page 384.
18  lines (CT-2) Where Mr. Berger Ask for SubJect to
19  recall. Now Pages 393 lines (CT 14-16) of the further
20  recross examination. Defense attorneY Gene G.
21  Peretti ask the trial Court is the witness subJect
22  to recall. Now on Pages 393 lines (CT 17-24) will
23  Show that the trial Court had reason to believe
24  that the witness Ronnie Wilhite was infact given
25  false statements and testimonY as well bY excusing
26  the witness to subJect to recall base on his Assump-
27  tion of the defense attorneY impeaching the witness
28  And Yet the trial Court adverse impact of the Judge's

1  misconduct on a Judicial system had been substant-
2  ial Jeopardizing the Parties right to a fair
3  trial. And in one case, contributing to the rever-
4  sal of a criminal conviction based on Judge mis-
5  treatment of those appearing before them and
6  they inability to control there Judicial capacity.
7  Also the trail Court Abuse its discretion by not
8  Acting with in a Judicial capacity when the
9  witness tells the defense attorney in his
10 cross examinations that the Prosecutor D.A. Elgin
11 Low told him that he would not be charged with
12 anything if he testify. See Page 378, lines (CT 1-28)
13 will show the trial Court acted in bad faith of
14 Judgment beyond his capacity to grant both
15 Parties the right to a fair trial. And as a defendant
16 and any Jury trial I have a right to a fair
17 trial.

1  SiNce february 13,2008. Petitioner Larry D.
2  Ridge had filed an State Petition of Habeas
3  Corpus. With Alameda County Superior court.
4  Petitioner want action On the federal Petition
5  to be Stayed Pending Exhaustion of state remedies.

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, _Larry Ridge Jr_ , am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

New Folsom State Prison
Fac c -2Room 114upper
P.O. Box 29-0066
Represa, CA 95671-0066

On, _July 9, 2008_ , I served the following documents:

Petition for writ of Habeas Corpus,
Proof of Service

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. U.S. District Court
Northern District of California
450 Golden Gate AVE,
San Franciso, CA 94102

2. California Attorney General
450 Golden Gate Ave.
P.O. Box 36055
San Franciso, CA 94102

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this _July_ day of _9+H_ , _2008_ , at California State Prison - Sacramento, Represa, California.

(Signature)  _L. R._





. District Court
N District of California
lolden Gate AVE
NCISO, CA   94102

#V.7754C

Mr. Larry D. Ridge Jr
New Folsom State Prison
Fac-C-7 Room (203)
P.O. Box 29-0066
Represa ca 95671-0066

U
Nort
450
San

Legal Mail